UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CRAIG INNES LEE,

    Plaintiff,

v.                                          Case No. 1:22-cv-123-AW/MJF

CLOVIS WATSON, JR.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

After an unnamed officer failed to house Plaintiff Craig Innes Lee in a "lower tier" cell as required by his disabilities, Lee fell down stairs at the Alachua County Jail. Although Lee was a pretrial detainee at the time of his fall, Lee asserts an Eighth-Amendment official-capacity claim against Clovis Watson, Jr., the Sheriff of Alachua County, Florida. Because Lee fails to allege a plausible claim against Watson, the District Court should dismiss with prejudice Lee's second amended complaint.

### I. BACKGROUND

On October 27, 2022, Lee, a pretrial detainee proceeding *pro se*, filed a second amended complaint. Doc. 21. Lee alleges that he is legally blind and uses a wheelchair because he has been "denied use of a walking cane." *Id.* at 5. According to Lee, his medical records indicate that he is to be housed in a "lower tier, lower

bunk" cell. *Id.* "Lower tier" housing allegedly does not require the use of stairs. Lee alleges that an unnamed officer failed to house Lee in a "lower tier" cell, despite Lee's objection and medical records. *Id.* At some point during his confinement, Lee fell down stairs in his housing unit because he "missed the edge of a step." *Id.*

Lee asserts an Eighth-Amendment official-capacity claim against Watson.[1] Doc. 21 at 10. He contends that Watson is liable for the unnamed officer's housing decision because Watson is the officer's employer. *Id.* at 7. As relief, Lee requests $100,000. *Id.* at 10.

## II. STANDARD

Because Lee is a pretrial detainee, the court is required to review his second amended complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint is frivolous, is malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see id.* § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings).

A court should dismiss a claim that is not supported by factual allegations, accepted as true, that allow the court "to draw the reasonable inference that the

---

[1] Because Lee was a pretrial detainee when he allegedly suffered his injuries, the Fourteenth Amendment governs his claim. *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1344 (11th Cir. 2016). Nevertheless, the Fourteenth Amendment's standard for conditions of confinement is at least as rigorous as the Eighth Amendment's standard applicable to prisoners. *Jacobs v. Georgia*, 820 F. App'x 882, 887 (11th Cir. 2020).

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Factual allegations that merely suggest the possibility that the defendant acted unlawfully are insufficient. *See Twombly*, 550 U.S. at 555. A court also should dismiss a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But federal courts "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

### III. DISCUSSION

As noted above, Lee is suing Watson, the Sheriff of Alachua County, in his official capacity. Official-capacity suits are "only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Thus, Lee's suit essentially is a suit against Alachua County. *See Scott v. Taylor*, 405 F.3d 1251, 1254 (11th Cir. 2005) (citing *Graham*, 473 U.S. at 165-67).

To impose section 1983 liability on a municipality, a plaintiff ultimately must prove (1) "an official policy"; (2) "an unofficial custom or widespread practice that is so permanent and well settled as to constitute a custom and usage with the force of law"; or (3) "a municipal official with final policymaking authority whose decision violated the plaintiff's constitutional right." *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1229 (11th Cir. 2022) (citing *Cuesta v. Sch. Bd. of Miami-Dade Cnty.*, 285 F.3d 962, 966-68 (11th Cir. 2002)).

"A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005) (quoting *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997)); *see Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) ("Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered."). "A custom is a practice that is so settled and permanent that it takes on the force of law." *Cooper*, 403 F.3d at 1221.

Lee fails to plausibly allege a policy or custom attributable to Alachua County. He instead identifies a single housing decision made by an unnamed officer employed at the Alachua County Jail. Doc. 21 at 5. That single incident simply is insufficient to plausibly suggest that a policy or custom attributable to Alachua County violated Lee's constitutional rights. *Craig v. Floyd Cnty.*, 643 F.3d 1306,

1311 (11th Cir. 2011) ("A single incident of a constitutional violation is insufficient to prove a policy or custom . . . ."). Lee also fails to plausibly allege that the unnamed officer possessed sufficient authority to establish Alachua County's policy. Thus, Lee fails to assert an official-capacity claim against Watson.

To the extent Lee is attempting to hold Watson liable as a supervisor of the unnamed officer, as Lee indicated in his second amended complaint, section 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or *respondeat superior*. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). Supervisors are liable under section 1983 only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional violation." *Id.* (quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003)).

Lee fails to allege that Watson personally participated in any violation of Lee's constitutional rights or that there is a causal connection between Watson's actions and a violation of Lee's constitutional rights. Thus, Lee also fails to assert an individual-capacity claim against Watson.

Lee has twice been advised of the legal standards for suing Watson in his official and individual capacities—once by Magistrate Judge Gary R. Jones and once by the undersigned. Doc. 4 at 5-6, 9-10; Doc. 18 at 4-5. Despite having two

opportunities to supplement and clarify his allegations, Lee again fails to assert a plausible claim against Watson—in either his individual capacity or his official capacity. Because Lee has had multiple opportunities to attempt to state a claim against Watson and has failed to do so, the District Court should dismiss with prejudice Lee's Eighth-Amendment claim against Watson.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** with prejudice, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), Plaintiff Craig Innes Lee's Eighth-Amendment claim against Defendant Clovis Watson, Jr.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this <u>8th</u> day of November, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must**

**serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**